**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**John Dennis APEL, Defendant–**
**Appellant.**

**United States of America,**
**Plaintiff–Appellee,**

v.

**John Dennis Apel, Defendant–**
**Appellant.**

**United States of America,**
**Plaintiff–Appellee,**

v.

**John Dennis Apel, Defendant–**
**Appellant.**

Nos. 11–50003, 11–50004, 11–50005.

United States Court of Appeals,
Ninth Circuit.

Filed Aug. 14, 2014.

Amended Sept. 22, 2014.

Erwin Chemerinsky, Selwyn Chu (argued) and Matthew Plunkett (argued), law students, University of California, Irvine School of Law, for Defendant–Appellant.

André Birotte Jr., United States Attorney, Robert E. Dugdale and Mark R. Yohalem (argued), Assistant United States Attorneys, Los Angeles, CA, for Plaintiff–Appellee.

Before: BARRY G. SILVERMAN and JOHNNIE B. RAWLINSON, Circuit Judges, and JOHN R. TUNHEIM, District Judge.*

## ORDER

Appellant John Apel's Petition for Panel Rehearing is **GRANTED**. The Per Curiam Opinion filed on August 14, 2014 is amended to conform to the attached Amended Opinion.

## OPINION

PER CURIAM:

On February 26, 2014, the United States Supreme Court vacated our opinion at 676 F.3d 1202 and remanded the case to us for further proceedings consistent with its opinion. *United States v. Apel,* ––– U.S. ––––, 134 S.Ct. 1144, 186 L.Ed.2d 75 (2014). Appellant John Apel was barred from Vandenberg Air Force Base, a "closed base," after he twice trespassed beyond the designated protest area, including one incident where he threw blood on a sign for the base, and he has conceded that he does not challenge the validity of the barment order.[1] In light of the Supreme Court's decision, Apel's challenge to the applicability of 18 U.S.C. § 1382 to the facts of his case is denied. As to

---

\* The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

1. S.Ct. Oral Arg. at 36, *available at* http://www.supremecourt.gov/oral_arguments/argument_transcripts/12–1038_d18f.pdf

Apel's defense that his conviction violates the First Amendment, we agree with the district court's conclusion that "whether or not the designated protest area at Vandenberg Air Force Base is a public forum, the military may properly exclude recipients of valid bar letters, such as Mr. Apel, without violating the First Amendment." *See United States v. Albertini*, 472 U.S. 675, 687–89, 105 S.Ct. 2897, 86 L.Ed.2d 536 (1985); *United States v. Walsh*, 770 F.2d 1490, 1493 (9th Cir.1985) ("*Albertini* indicates that whether or not a base is a public forum, the military may exclude recipients of bar letters without violating the First Amendment.").

The judgment of the district court is **AFFIRMED.**

Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Agency No. A079–361–360.

Before: NOONAN, HAWKINS, and CHRISTEN, Circuit Judges.